IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CHARLIE FRANK DARDY,            )
                                )
     Plaintiff,                 )
                                )
v.                              )     CIVIL ACTION NO. 3:11-cv-131-WKW
                                )                 [WO]
                                )
DET. RICHARD CONVERSE, *et al.*,  )
                                )
     Defendants.                )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Charlie Frank Dardy ["Dardy"], an inmate

confined in the Lee County Justice Center, challenges the admissibility and sufficiency of

evidence supporting criminal charges currently pending against him before the Circuit Court

of Lee County, Alabama.  Dardy also seeks to bring state law claims of defamation and

slander against the officers involved in his pending criminal case.[1]  He names as defendants

Detective Richard Converse, Officer Kenneth Hand, Robert Bugg and Elliott Grace.

Upon review of the complaint, the court concludes that Dardy's claims related to the

pending criminal charges are subject to summary dismissal in accordance with the directives

of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[1]   Although Dardy styles a claim as a "false arrest of sexual abuse" claim, a clear reading of the
complaint and supporting documentation demonstrates that Dardy is challenging the admissibility and
sufficiency of the evidence to be used against him at the trial of this charge.

## DISCUSSION

### A. Challenges related to Pending Criminal Charges

The plaintiff pursues this action *pro se* and his pleadings are not a model of clarity.

However, the court construes his claims as challenges to the sufficiency and admissibility of

the evidence to be used against him in the trial of the criminal charges currently pending in

the Circuit Court of Lee County.  He is entitled to no relief in this court at this time.

Under the decision issued by the United States Supreme Court in *Younger v. Harris*,

401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state

criminal proceedings "when the moving party has an adequate remedy at law and will not

suffer irreparable injury if denied equitable relief."  The *Younger* abstention doctrine is

premised upon a fundamental "public policy against federal interference with state criminal

prosecutions." *Id*. at 43.  In this case, Dardy is incarcerated pending trial on sexual abuse

charges in the Circuit Court of Lee County.  A preliminary hearing in his criminal case was

held on March 11, 2011.  Dardy has an adequate remedy at law to challenge the admissibility

or sufficiency of the evidence against him in the pending criminal charges because he may

pursue these claims through the state court system, including the trial court and the state

appellate courts, in the on-going state criminal proceedings. *See generally Doby v. Strength*,

758 F.2d 1405 (11th Cir. 1985).  Moreover, Dardy has not alleged the existence of any special

circumstance which creates a threat of irreparable harm.  The mere fact that Dardy must

endure additional state criminal proceedings, which could result in conviction and sentence,

fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45.  This court is therefore

compelled to abstain from considering the merits of Dardy's claims which call into question

the adequacy or admissibility of the evidence as related to the criminal charges pending

against him before the Circuit Court of Lee County, Alabama as these claims are not

cognizable in a 42 U.S.C. § 1983 action at this time.  *Id*. at 43-44.  Consequently, dismissal

of these claims is appropriate pursuant to the directives of  28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  The Defamation and Slander Claims

To the extent that Dardy seeks to pursue defamation of character or slander claims

against the defendants, the law is well settled that a 42 U.S.C. § 1983 action cannot be

predicated upon the theory of slander, defamation or libel.  *Paul v. Davis*, 424 U.S. 693

(1976); *see also Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990).  Thus, the plaintiff's

claims for relief based on these theories of liability are frivolous as it is "based on an

indisputably meritless legal theory."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

Dardy's defamation and slander claims are therefore due to be summarily dismissed in

accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

plaintiff's claims related to the pending criminal charges against him in the Circuit Court of

Lee County be DISMISSED without prejudice under the provisions of 28 U.S.C. §

1915(e)(2)(B)(i).   It is further the RECOMMENDATION of the Magistrate Judge that

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Dardy's defamation and slander claims be DISMISSED accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

Finally, it is

ORDERED that on or before May 3, 2011 the parties may file objections to this Recommendation.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.   Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).   *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).   *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th  day of April, 2011.

                          /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE